ADKINS GREENWOOD, executor of George C. Greenwood, deceased, plaintiff in error, *v.* ELIJAH SPILLER, defendant in error.

*Error to Franklin.*

A judgment cannot be rendered against an executor, "to be levied of the goods and chattels, rights and credits, lands and tenements of the testator, in the hands of the executor to be administered."

Judgment can only be rendered against the goods and chattels of the testator, in the hands of the executor to be administered.

Neither the lands nor the credits of a deceased person can be reached by execution.

The certificate of a judge of probate is not admissible in evidence to show who are the heirs of a deceased person.

Hearsay evidence is admissible to prove pedigree, only where the facts sought to be

established are ancient, and no better evidence can be obtained. In such case, the witness produced to prove who are the heirs of a deceased person, should be some one either connected with the family of the deceased by marriage or blood, or he should have some personal knowledge of the family of the deceased.

THIS cause was tried at the March term, 1837, of the Franklin Circuit Court, before the Hon. Walter B. Scates and a jury. Verdict and judgment were rendered for the plaintiff. The defendant brought the cause to this Court by writ of error.

S. T. LOGAN, for the plaintiff in error, cited 3 Stark. Ev. 1118, Pirt. Dig. 384.

W. J. GATEWOOD, for the defendant in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *covenant* brought by Spiller against Greenwood, executor of George C. Greenwood, on a covenant in a deed of conveyance, made by the testator to Spiller. The testator covenanted, in the deed, that he was the sole and legal owner of the land conveyed, and had full power to sell and convey the same. The breach assigned in the declaration was, that the testator was not, at the time of executing the deed, the sole and legal owner of the land described in the deed, nor had the testator power to sell and convey the premises.

The defendant below filed three several pleas, to the following effect, to wit:

First. Covenants performed.

Secondly. That the testator on the day of executing the deed, was the sole and legal owner of the premises conveyed, and had full power to sell and convey the same.

Thirdly. That the testator was the legal owner of the premises, by virtue of a deed executed on the 16th of March, 1827, to the said testator, by Thomas Whitledge, Benjamin Thornsbury, Jonathan Ridgeway, and John Thornsbury, the sole and legal representatives of Francis Thornsbury, deceased, who, in his life, was the sole and legal owner of said premises, by purchase from the United States; and so the said testator was the legal owner of the premises, and had full power to convey the same as he had done. On each of these pleas issue was taken, and the cause tried by a jury. On the trial of the cause, the plaintiff below read in evidence the following certificate, to wit: " State of Illinois, Jackson county, ss. I, Daniel H. Brush, Judge of the Court of Probate, in and for the county of Jackson, do hereby certify, that the following named persons were the legal heirs of Francis Thornsbury, deceased, as appears from the records of the said Court, to wit: Thomas Whitledge, Benjamin Thornsbury, Arthur Quinn and Mary his wife, William Wilson and Frances his wife, Susannah Coomes, John Toomes and Matilda his wife, William Sutton and Harriet his wife, Russel R. Thornsbury,

John Thornsbury, and Jonathan Ridgeway. Given under my hand and official seal of the said Court, at Brownsville, this 14th day of September, 1836.

[SEAL.]             DANIEL H. BRUSH, J. P. Ct."

To the reading of which certificate in evidence, the defendant objected, but the Court overruled the objection, and the defendant below excepted.

On the trial, John Deason was introduced as a witness, on behalf of the plaintiff below, and was asked by the plaintiff's counsel, whether he had ever heard that there were children and heirs of Francis Thornsbury, other than Benjamin W. Thornsbury. To which interrogatory the defendant objected, but the Court overruled the objection, and permitted the witness to state to the jury, that he had heard that there were ten other heirs, although he had never seen or known any one of them.

The jury rendered a verdict in favor of the plaintiff below, and thereupon judgment was rendered against defendant, as executor, for the damages found by the jury, together with the plaintiff's costs, " to be levied of the goods and chattels, rights and credits, lands and tenements of the estate of the said George C. Greenwood, deceased, in the hands of the said defendant as executor, to be administered."

The errors assigned are, First, That the judgment is against the lands of the testator; Secondly, That the Court permitted the certificate of the judge of probate to be read in evidence ; and Thirdly, That the Court permitted the evidence of J. Deason to go to the jury.

The judgment rendered was clearly wrong. It should have been only against the goods and chattels of the testator in the hands of the executor to be administered. The credits of a deceased person cannot be reached by execution ; they are to be collected by the executor, and when collected, they are assets in his hands for the payment of debts. Neither can the lands of the deceased be sold on execution.

The only mode of selling real estate for the payment of debts, after the executor or administrator has ascertained that the personal estate of the deceased is insufficient to pay the debts, is to apply to the Circuit Court for an order to sell the real estate.

The certificate of the judge of probate was not legal evidence. If, as the certificate states, there was record evidence that the persons named were heirs of Francis Thornsbury, deceased, an exemplification of the record, or the original, should have been produced. It is, however, doubtful whether such evidence can come from a judge of probate ; but if facts are on record in his office, which would prove who were the legal heirs of a deceased person, those facts must be given in evidence, and not the conclusions which those facts might tend to prove. In this certificate, the judge of

probate has certified to the results of law, without giving the facts on which those results were predicated. The certificate in this form was not evidence for any purpose whatever, and consequently permitting it to go to the jury was erroneous.

The evidence of Deason was also clearly inadmissible. Hearsay evidence to prove a pedigree, ought only to be received where the fact sought to be established is ancient, and no better evidence can be obtained. In such case, the witness produced to prove who were the heirs of a deceased person, should be some one either connected to the family of the deceased, by marriage or blood ; or he should have some personal knowledge of the family of the deceased. Consequently, where a witness not connected with the family, and not having any personal knowledge of the facts of which he speaks, and who has not even derived his information from persons connected, or particularly acquainted with the family, but only speaks generally, of what he has heard and understood, such evidence is not legal evidence to prove pedigree.(1)

Testing the evidence of Deason,. by these rules, it was clearly inadmissible. He only states he had heard that there were ten other heirs of Francis Thornsbury, than Benjamin W. Thornsbury, although he had never seen or known any of them.

He does not even state that he was acquainted with the testator, or any member of his family. This evidence is entirely too loose for any purpose whatever, and should not have been permitted to go to the jury.

The judgment is consequently reversed with costs, and the cause remanded, with directions to the Court below to issue a *venire de novo.*

*Judgment reversed.*

(1) 3 Stark. Ev. 1103 ; Jackson *v.* Browner, 18 Johns. 37.